**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

AMANDA MULKEY,

       Plaintiff,

          v.                       CASE NO. 1:25-CV-36-HAB-ALT

DENNIS REAM, et al.,

       Defendants.

**OPINION AND ORDER**

On July 21, 2026, Plaintiff Amanda Mulkey and Defendants The School Board of Trustees of the Whitley Consolidated Community Schools, Laura McDermott, Braden Mullett, Robert Bell, Brian Anspach, and Scott Leatherman filed a stipulation of dismissal seeking the dismissal with prejudice of Defendants The School Board of Trustees of the Whitley Consolidated Community Schools, Laura McDermott, Braden Mullett, Robert Bell, Brian Anspach, and Scott Leatherman. (ECF No. 79).

Federal Rule 41(a)(1)(A)(ii) permits a plaintiff to "dismiss an action without a court order by filing ... a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a). The Seventh Circuit has explained that Rule 41(a) "does not speak of dismissing one claim in a suit; it speaks of dismissing 'an action'—which is to say, the whole case." *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015) (quoting *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001)). As such, a Rule 41(a) stipulation that does not dispose of the entire case is improper. *See id.* at 858 n.9. ("The parties indicated that it's common practice in some district courts in this circuit to allow the voluntary dismissal of individual claims under Rule 41(a). If that is true, we remind judges to use Rule 15(a) instead.").

The Stipulation filed in this matter is deficient, as it makes clear that the dismissal would not dispose of the entire case. In fact, the Stipulation is titled "Stipulation of Dismissal with Prejudice of All Defendants Except Dennis Ream," and states that the Stipulation "shall not bar nor have any effect upon the claim of Dennis Ream for allocation of settlement proceeds." According to the Seventh Circuit, Rule 41(a) is not the proper vehicle for dropping individual parties or claims. If Plaintiff desires, instead, to amend the complaint under Federal Rule of Civil Procedure 15(a) to remove claims against all Defendants except Dennis Ream, leave is so granted. Plaintiff shall have fourteen (14) days to file an Amended Complaint consistent with this Order if that is how Plaintiff intends to proceed. Currently, this action remains pending as to all parties.

## CONCLUSION

For the reasons stated above, the Stipulation to Dismiss (ECF No. 79), has no effect and will be termed as a pending motion on the Court's docket.

SO ORDERED on July 23, 2026.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

2