**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **AMANDA MULKEY, *individually and as parent and next friend*, Collin Ream, a deceased minor,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CASE NO. 1:25-cv-00036-HAB-ALT** |
| **DENNIS REAM, *father of decedent as an interested party*, *et al*.,** | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

Plaintiff Amanda Mulkey, individually and as parent of Collin Ream ("Collin"), a deceased minor, filed this 42 U.S.C. § 1983 case against Defendant Whitley County Consolidated Schools, its Board of Trustees, and various school officials (collectively, the "School Defendants") on January 28, 2025, alleging they violated Collin's rights under Indiana law and the United States Constitution and Code. (ECF 1; *see* ECF 38, 49). Mulkey also sued Collin's father, Dennis Ream, as an "interested party only", advancing no allegations against him. (ECF 1 ⁋ 6; *see* ECF 38 ⁋ 6; ECF 49 ⁋ 6). In his answer, Ream asserted that as Collin's father, he is entitled to an apportionment of any damages awarded pursuant to the Indiana Child Wrongful Death Act and Indiana Intestate Succession Laws. (ECF 40; *see* ECF 46, 51).

On or about July 21, 2026, Mulkey and the School Defendants reached a settlement of their claims and filed a stipulation to dismiss the School Defendants with prejudice, acknowledging that the dismissal would have no effect upon Ream's claim for allocation of settlement proceeds. (ECF 79). Two days later, non-party "the Estate of Collin Ream, by its duly appointed Personal Representative, Dennis Ream" (the "Estate"), filed a combined motion for

joinder under Federal Rule of Civil Procedure 19(a) and motion to intervene as of right under Federal Rule of Civil Procedure 24(a), seeking an allocation of the settlement proceeds attributable to Collin's "constitutional claims, personal injuries, and surviving causes of action[.]" (ECF 80). Mulkey timely filed a response in opposition to the motion on August 4, 2026. (ECF 82). The Estate has not filed a reply brief, and its time to do so has now passed, *see* N.D. Ind. L.R. 7-1(d), so the motion is ripe for ruling.

For the following reasons, the Estate's motion will be DENIED.

### *A. Factual and Procedural Background*

Collin, a seventeen-year-old special education student at Columbia City High School, committed suicide on February 4, 2023, with a firearm given to him at the school. (ECF 49 ⁋ 1). On January 28, 2025, Mulkey filed this suit against the School Defendants alleging that Collin was relentlessly bullied at school, which caused him such emotional distress that he took his own life, and that "Defendants' failure to control known bullies, to report the extent of his bullying and injuries to his parents, to ensure that weapons were not allowed … at School, [and] to properly monitor the School environment … contributed directly to Collin's decision to take his own life …." (*Id.* ⁋⁋ 2-3). Mulkey advanced claims pursuant to 42 U.S.C. § 1983 for denial of due process and equal protection in violation of the Fourteenth Amendment and under Indiana's wrongful death statutes. (ECF 49).[1] As stated earlier, Mulkey named Ream as an "interested party only" in the complaint, advancing no allegations against him. (ECF 49 ⁋ 6).

---

[1] Also on January 28, 2025, Mulkey filed an action against various defendants in Noble Circuit Court asserting claims under the Indiana Child Wrongful Death Statute. (ECF 82-1 ⁋ 10). She named Ream in that action as well so he could answer as to his interest under the statute. (*Id.* ⁋ 11). Mulkey resolved her claims against those defendants, and Ream thereafter filed a petition to allocate settlement proceeds, which the Noble Circuit Court denied. (*Id.* ⁋ 12; *see* ECF 82-2). Ream appealed the decision, and the appeal is pending before the Indiana Court of Appeals. (ECF 82-1 ⁋ 12).

On March 17, 2025, the Court conducted a preliminary pretrial conference and entered a Scheduling Order setting the following deadlines: July 31, 2025, for Mulkey to seek leave to amend the pleadings; August 15, 2025, for Defendants to seek leave to amend the pleadings; and April 10, 2026, for the completion of all discovery, which was subsequently extended to June 28, 2026, for fact and liability discovery, and November 25, 2026, for expert discovery. (ECF 24, 25, 58, 74).

On July 10, 2025, Ream filed an answer to Mulkey's operative complaint, responding to most paragraphs by stating: "No claim is being asserted against this Defendant; therefore, this Defendant does not make a response to this paragraph." (ECF 46). In response to Plaintiff's naming him as an "interested party only[,]" Ream stated:

> (i) Defendant has suffered damages as result of the death of his child, Collin Ream, and to the extent that damages are awarded in this action as a result of the wrongful death of Collin Ream, said damages are to be apportioned between Plaintiff and this Defendant, pursuant to the provisions of the Indiana Child Wrongful Death Act.
>
> (ii) To the extent damages are awarded to the estate of Collin Ream for the claims asserted in Plaintiff's Complaint, this Defendant as father of Collin Ream is entitled to an apportionment of those damages pursuant to the provisions of the Indiana Intestate Succession Laws.

(ECF 46 ⁋ 7). Ream's answer to Mulkey's second amended complaint on September 9, 2025, expressed the same. (ECF 51 ⁋ 7).

On July 15, 2026, the Whitley County Superior Court approved Ream's petition for appointment of personal representative and appointed Ream as Personal Representative of Collin's Estate. (ECF 80 at 9-10).

On or about July 21, 2026, Mulkey and the School Defendants reached a settlement of their claims and filed a stipulation to dismiss the School Defendants with prejudice, noting, however, that the dismissal would have no effect upon Ream's claim for allocation of settlement

proceeds. (ECF 79). Two days later, the Estate filed the instant motion for joinder, asserting that Ream was appointed the Estate's Personal Representative on or about July 15, 2026, and that Mulkey's § 1983 claims include claims arising from Collin's federal constitutional rights that are materially different from a parent's claim for loss of Collin's services, love, or companionship. (ECF 80 ⁋⁋ 6-7). In that motion, the Estate asserts that not only is Ream entitled to a portion of the settlement proceeds as Collin's father, but "the Estate possesses a separate and substantial interest in the settlement proceeds to the extent the settlement compensated claims belonging to Collin, including his federal constitutional claims under 42 U.S.C. § 1983." (*Id.* ⁋⁋ 10, 12). As Ream sees it, "to the extent the federal settlement compensated injuries sustained by Collin or violations of Collin's federal constitutional rights, those proceeds are properly payable to the Estate and subject to administration through the Estate." (*Id.* ⁋ 15).

Mulkey opposes the motion for joinder, arguing: (1) Rule 19 is inapplicable and the motion is deficient under Rule 24(c); (2) the motion is untimely; (3) the theories of recovery offered by the Estate are time-barred and not viable; and (4) the Estate has not made the required showing to support the requested injunctive relief. (ECF 82 at 2-3). As stated earlier, the Estate did not file a reply to Mulkey's brief in opposition. On August 6, 2026, Mulkey filed an amended complaint naming Ream as the sole remaining Defendant and seeking a declaration from the Court that Ream has no valid claim to the settlement proceeds. (ECF 83).

On August 4, 2026, Mulkey filed an objection to Ream's appointment as the Estate's Personal Representative in Whitley County Superior Court and asked that court to close the Estate, noting it "was opened three years and five months after Collin's death, on a verified petition that identified no assets, disclosed no creditor requiring payment, and said nothing about the two lawsuits then pending over Collin's death." (ECF 82-1 at 1). Alternatively, Mulkey asked

that she be appointed the Estate's Personal Representative. (*Id.*). On August 28, 2026, Mulkey filed a supplemental notice in this Court informing that the Whitley County Superior Court set a show-cause hearing for September 25, 2026, in the probate proceeding as to why Ream should not be removed as Personal Representative of Collin's Estate. (ECF 86).[2]

### *B. Legal Standard*

No party moved to join the Estate as a necessary party under Federal Rule of Civil Procedure 19(a). Rather, the Estate seeks to intervene of its own accord, and thus the Court considers the motion for joinder to be a motion to intervene of right under Rule 24(a)(2). To intervene in a federal lawsuit as a matter of right under Rule 24(a)(2), a proposed intervenor must satisfy four elements: "(1) timely application; (2) an interest relating to the subject matter of the action; (3) potential impairments, as a practical matter, of that interest by the disposition of the action; and (4) lack of adequate representation of the interest by the existing parties to the action." *Planned Parenthood of Wisconsin, Inc. v. Kaul*, 942 F.3d 793, 797 (7th Cir. 2019) (citation omitted). "The proposed intervenor has the burden of establishing all four elements; the lack of even one requires that the court deny the motion." *Id.* (citation omitted).[3] A motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

### *C. Discussion*

At the outset, the Estate's motion to intervene is deficient under Rule 24(c) because it fails to include "a pleading that sets out the claim … for which intervention is sought." Fed. R.

---

[2] The August 20, 2026, Order clarified the Whitley County Superior Court's prior order dated August 11, 2026, which contained certain irreconcilable provisions. (*See* ECF 86 ⁋ 6; ECF 84-1).

[3] Because the Estate's motion ultimately fails under Rule 24(a)(2), the Court need not delve into the Rule 19 standard. This is "[b]ecause the language of Rule 24(a)(2) tracks that of Rule 19(a)(2)(i), [and] it should follow as a corollary that the [party seeking to intervene] would not have been an indispensable party for Rule 19 purposes." *U.S. ex rel. Hall v. Tribal Dev. Corp.*, 100 F.3d 476, 481 (7th Cir. 1996).

Civ. P. 24(c); *see Shevlin v. Schewe*, 809 F.2d 447, 450 (7th Cir. 1987) (denying a motion to intervene where the intervenor failed to file the requisite pleading, noting that a motion to intervene may not just adopt the pleadings of an original party). But there is an even bigger problem with the motion than this facial insufficiency because the motion is untimely.

In evaluating timeliness, courts evaluate four factors: "(1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; [and] (4) any other unusual circumstances." *Ali v. City of Chicago*, 34 F.4th 594, 599 (7th Cir. 2022) (citation omitted). "Put differently, courts evaluate the reasonableness of a party's request for intervention." *Melcher v. Cent. States Enters.*, No. 1:21-cv-00409-HAB-SLC, 2024 WL 514575, at *4 (N.D. Ind. Feb. 8, 2024) (citing *Ali*, 34 F.4th at 599). "[P]otential intervenors need to be reasonably diligent in learning of a suit that might affect their rights, and upon so learning they need to act reasonably promptly." *Ali*, 34 F.4th at 599 (citation omitted).

This case had been pending for nearly eighteen months by the time the Estate sought to intervene, with Ream being a party to the case since its inception. (*See* ECF 1). Ream has been represented by counsel throughout this litigation (ECF 20), and the interest the Estate now asserts should have been apparent to Ream from the date of Collin's death in February 2023, and certainly no later than the start of this litigation in January 2025. Given the settlement between Mulkey and the School Defendants, allowing intervention now would not add a party to a live dispute, but rather, would disrupt a resolved one. Ream did not seek to form the Estate until July 15, 2026 (ECF 80 ⁋ 5), which was *three-and-a-half years* after Collin's death and the same month in which Mulkey and the School Defendants resolved all their claims. Granting the motion to intervene would undoubtedly result in prejudice to Mulkey and the School Defendants,

who were at the tail end of a lawsuit that had begun in January 2025 and exposes them to a new set of issues. *See Cook Cnty., Ill. v. Texas*, 37 F.4th 1335, 1343 (7th Cir. 2022) (denying a motion to intervene on the grounds of untimeliness and prejudice to the parties); *Bradenberg v. Meridian Senior Living, LLC*, No. 20-cv-03198, 2023 WL 5671275, at *4 (C.D. Ill. Sept. 1, 2023) (denying a motion to intervene and describing a delay of eight months as a "lengthy delay").

Nor will the Estate suffer undue prejudice if intervention is denied. This is because the Estate's motion offers only non-viable theories of recovery or claims that are time-barred by conditions precedent or applicable statute of limitations. To elaborate, the Estate contends that Mulkey's § 1983 claims are grounded in Collin's pre-death personal injuries under the Indiana Survival Statute, Ind. Code § 34-1-1-1, rather than the Indiana Child Wrongful Death Act as Mulkey asserts. "Under Indiana law, [the School Defendants] could be liable under either statute but not both." *Am. Int'l Adjustment Co. v. Galvin*, 86 F.3d 1455, 1457-58 (7th Cir. 1996). If Collin died from personal injuries caused by wrongful actions or omissions of the School Defendants, the case is for wrongful death. *See id.* If Collin died from "unrelated causes", the case is a survival action. *Id*. "The distinction is important because each statute allows for different recoveries." *Id*. Damages under the Indiana Survival Statute inure to the estate, *see* Ind. Code § 34-9-3-4, while Indiana Child Wrongful Death Act apportions recovery between surviving parents, *see* Ind. Code § 34-23-2-1. *See also Ruckman v. Pinecrest Marina, Inc.*, 367 F. Supp. 25, 26 (N.D. Ind. 1973) ("It is clear that the personal representative of an estate of a minor cannot sue for the death of the child when the child's parents are living, unless the child has been emancipated." (citations omitted)).

Here, Mulkey adequately alleged in her complaint that Collin's death was caused by the School Defendants' wrongful actions or omissions. A sample of Mulkey's allegations relevant to causation include the following:

> Defendants' deliberate indifference and misconduct culminated in Collin's isolation, anguish, and vulnerability. On February 4, 2023, Collin took his own life with an Iver Johnson firearm that was given to him and possessed by him at the School. He was a sophomore student at the School where *he was the repeated victim of relentless bullying which caused him such extensive emotional distress that he took his own life*.
>
> ….
>
> The School failed to report Collins's injuries caused by student violence to Collin's parents, depriving the parents of the ability to protect their child. They failed to properly supervise Collin or other students.… The School further failed protect Collin at School when there was an obvious presence of a firearm on School property during the School day. Had the School properly screened students entering School premises and properly monitored the halls or the security footage on February 3, 2023, the School could have prevented the firearm from entering School property or confiscated the firearm and eliminated the threat. *Through all of these acts and omissions, the School created a dangerous and harmful situation for Collin which ultimately resulted in his death on February 4, 2023*.
>
> …. The Defendants' deliberate indifference to bullying and their retaliation against Collin's attempts to seek help created a foreseeable and dangerous situation that culminated in his death.
>
> As a direct and proximate result of Defendants' actions and omissions, Collin's family suffered profound emotional distress, the loss of a child's love and companionship, and incurred funeral and related expenses ….
>
> ….
>
> As a result of the Defendants' failure to abate the bullying and the Defendants' retaliatory punishment of Collin, Collin suffered emotional distress and anguish which caused his mental health to decline to the point of contemplating and completing suicide.

(ECF 49 ⁋⁋ 2, 53-55, 66 (emphasis added)). The School Defendants opted to resolve Mulkey's claims as Mulkey plead them, and the Estate's belated attempt now—nearly eighteen months after Mulkey commenced this action—to recharacterize Mulkey's pleadings as of the type to inure to the exclusive benefit of the Estate is not persuasive.

In any event, under either theory of recovery, the Estate has failed to assert a timely claim. Ream was not appointed as the Estate's Personal Representative within two years of Collin's death, which is a condition precedent to Indiana Child Wrongful Death Act claims. *See Sowell v. Dominguez*, No. 2:09 CV 47, 2011 WL 294758, at *5-6 (N.D. Ind. Jan. 26, 2011). Also, the governing limitations period for § 1983 actions is the forum state's personal-injury statute of limitations, which in Indiana is two years. *See* Ind. Code § 34-11-2-4; *Miles v. Vanderburgh Cnty. Jail*, 335 F. App'x 633, 635 (7th Cir. 2009) (collecting cases); *Sowell*, 2011 WL 294758, at *5-6. Given that Collin died on February 4, 2023, and claims by the Estate were not asserted until July 23, 2026 (ECF 80), any claim made by the Estate would be barred as untimely, dooming the Estate's motion. See *Planned Parenthood of Wisconsin, Inc.*, 942 F.3d at 797. Consequently, the Estate's motion to intervene will be denied.

### *D. Conclusion*

For the foregoing reasons, the Estate's combined motion for joinder under Rule 19(a) and motion to intervene under Rule 24(a) (ECF 80) is DENIED.

SO ORDERED.

Entered this 15th day of September 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge